UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LISA LINNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv229 |
| | ) |
| DAVID J. GLADIEUX, Individually and in | ) |
| his Official Capacity as Sherif of Allen County | ) |
| Indiana, et. al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on Defendant's Motion for Partial Summary Judgment, filed on August 14, 2018, by defendant David J. Gladieux ("Gladieux"). Plaintiff, Lisa Linner ("Linner"), filed a response to the motion on September 10, 2018, conceding the motion.

Linner has brought Section 1983 claims against Gladieux and an unidentified Allen County correctional officer ("John Doe"). Linner, who was a pretrial detainee, alleges violations of the Eighth and Fourteenth amendments, claiming she was subjected to excessive force.

Gladieux seeks partial summary judgment in his favor on all of Linner's federal claims, arguing that there is no evidence of any policy, practice or custom that proximately caused any alleged constitutional violation. Gladieux contends that Linner cannot support a claim against him in his official capacity and, furthermore, he was not personally involved in any decision relating to Linner's incarceration and did not have any contact with her, rendering her individual capacity claim meritless as well. Gladieux also argues that Linner likewise has no evidence to support any federal constitutional claim against John Doe and, moreover, Linner has missed the August 6, 2018 deadline for amending her complaint to name any confinement officer in place of

John Doe.

In response to the motion, Linner "concedes it is meritorious and should be granted leaving Plaintiff's pendant state law claims pending." The state law claims allege negligent failure to protect and to provide Linner with safe confinement, and negligent failure to train.

The court agrees that the federal claims must be dismissed. However, that raises the question as to whether the court should exercise pendent jurisdiction over the state law claims. Pendant (supplemental) jurisdiction is governed by 28.U.S.C. § 1367. Section 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c) sets forth the occasions in which a federal court may exercise its discretion not to hear a supplemental claim, despite the power of the court to do so. A federal court may decline to assert supplemental jurisdiction over a pendent claim if any of the following four circumstances specifically enumerated in Section 1367(c)(1)-(4) apply: "the claim raises a novel or complex issue of State law," "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," "the district court has dismissed all claims over which it has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

In the present case, as all the federal claims are being dismissed, the court will decline to exercise pendent jurisdiction over the state law claims. Accordingly, Linner's state law claims will be dismissed.

## Conclusion

On the basis of the foregoing, Defendant's motion for partial summary judgment [DE27] is hereby GRANTED. Further, this court declines to exercise pendant jurisdiction over the remaining state law claims. Thus, Plaintiff's state law claims are hereby DISMISSED WITHOUT PREJUDICE.

Entered: September 21, 2018.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court